**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREA MENDOZA VELASQUEZ;
CARLOS ADOLFO JERONIMO
MENDOZA; SILVIA MARIALENA
JERONIMO MENDOZA; L.M.J.M.,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 25-1584

Agency Nos.
A203-630-649
A203-630-651
A203-630-602
A203-630-650

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2026[**]
San Francisco, California

Before: GOULD, M. SMITH, and R. NELSON, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge R. Nelson.

    Petitioners, Andrea Mendoza Velasquez ("Ms. Mendoza Velasquez"), Carlos

Adolfo Jeronimo Mendoza, Silvia Marialena Jeronimo Mendoza, and Ms. Mendoza

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Velasquez's minor child L.M.J.M., petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing their appeal of a decision from an Immigration Judge ("IJ") that had denied Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part, grant the petition in part, and remand.

1. The BIA rejected Petitioners' applications for asylum and withholding of removal because it found that Petitioners did not demonstrate past persecution or a likelihood of future persecution within the meaning of the INA because they did not show that the Guatemalan government was unable or unwilling to protect them from their brother and uncle, Juan. In denying the petitions for asylum on this basis, the BIA cited to the facts that (1) Ms. Mendoza-Velasquez "was able to bring her brother to court in Guatemala," and (2) "issued a protective order recognizing [Ms. Mendoza-Velasquez's] allegations, barring Juan from disturbing or intimidating [Ms. Mendoza-Velasquez] or accessing her domicile, and providing for Juan's prosecution if he failed to comply." The BIA further reasoned that "[w]hile Juan subsequently violated this order, [Ms. Mendoza-Velasquez] never reported the violation to Guatemalan authorities for action."

But we are not confident that the agency considered all probative evidence of the Guatemalan government's inability or unwillingness to protect Petitioners.

While the BIA is not required to discuss every piece of evidence submitted, a decision cannot stand where "there is any indication that the BIA did not consider all of the evidence before it" such as "failing to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011).

The BIA did not provide any indication that it considered the following facts in the record: (1) The Peace Judge did not provide Petitioner with a Mam interpreter for the hearing where she sought protection from her brother; (2) The Peace Judge did not inform Petitioner that a protective order was being issued in her favor, and she only learned of this document years later,; (3) The Peace Judge did not have Juan arrested for beating and threatening to kill Petitioner; (4) The Peace Judge did not refer the matter to the Public Minister's office to be reviewed for the filing of criminal charges; (5) The Peace Judge did not inform Petitioner of any government services or special courts available to her as a female victim of intrafamily violence; (6) The country condition evidence provided by Petitioners that corroborated Guatemalan authorities' frequent inaction toward Guatemalan women in law enforcement and the judiciary.

Here, because the BIA may have failed to consider key pieces of evidence in denying Petitioners' applications, we remand Petitioners' asylum and withholding of removal claims for reconsideration.

25-1584

2. Substantial evidence supports the agency's denial of CAT protection because Petitioners did not show it is more likely than not that they would be tortured by or with the consent or acquiescence of the government if they returned to Guatemala. *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017).

Ms. Mendoza Velasquez's assertions that she would more likely than not be tortured upon return to Guatemala are too speculative. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (noting that "a speculative fear of torture is insufficient to satisfy the 'more likely than not' standard"). There is no indication in the record of a likelihood that Ms. Mendoza Velasquez would be tortured again by the individual who raped her as a child, given she never saw or heard from him again, and never returned to the location where she was raped. Although the record reflects a long history of Juan threatening, harassing, and abusing Ms. Mendoza Velasquez, the record is devoid of any evidence that he has tried to contact her since she left Guatemala. The generalized country conditions evidence is also insufficient to independently establish Ms. Mendoza Velasquez's CAT claim.

Substantial evidence also supports the BIA's conclusion that Petitioners did not demonstrate that the Guatemalan government would acquiesce in any future torture, even if they could establish a likelihood of future torture. *Cf. Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013).

25-1584

**PETITION GRANTED in part and DENIED in part.**[1]

---

[1] Petitioners' motion to stay removal (Dkt. No. 3) is granted.



R. Nelson, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority's conclusion that substantial evidence supports the Board of Immigration Appeal's (BIA) decision to affirm the Immigration Judge's (IJ) determination to deny Convention Against Torture (CAT) protection to Petitioner. I disagree, however, with the decision to grant the petition in part based on Mendoza Velasquez's asylum and withholding of removal claims.

To qualify for relief under either claim, Mendoza Velasquez must show that "she is unable or unwilling to return to her home country because of a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (cleaned up). And "the persecution must have been committed by the government or . . . by forces that the government was unable or unwilling to control." *Id.* (cleaned up).

The BIA found that Mendoza Velasquez did not show the government of Guatemala was unable or unwilling to protect her. Mendoza Velasquez brought her brother into Guatemala court, where a judge issued a protective order barring her brother from disturbing, intimidating, or accessing Mendoza Velasquez's domicile. The order threatened her brother with prosecution if he violated it. Her brother was not prosecuted only because Mendoza Velasquez did not report his subsequent violation of the order.

25-1584

This is substantial evidence supporting the BIA's decision. Still, the majority faults the agency for ignoring six facts. But the BIA specifically looked to the IJ's findings on the record, and concluded that given the record as a whole, "the Guatemalan government's willingness and ability to protect the respondent [was] a permissible view of the evidence." This conclusion is not clearly erroneous. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985). This was a permissible view of the evidence and the significance of the protective order. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* And "[w]e review the agency's factual findings under the extremely deferential substantial evidence standard, under which we treat such findings as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Velasquez-Gaspar*, 976 F.3d at 1064 (cleaned up). The BIA's conclusions were reasonable considering the entire record. As a result, we should have denied the petition for review. I respectfully dissent.

25-1584